Venegas v CPC Norfolk Senior Hous. Dev. Fund Corp. (2026 NY Slip Op 00602)

Venegas v CPC Norfolk Senior Hous. Dev. Fund Corp.

2026 NY Slip Op 00602

Decided on February 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 05, 2026

Before: Manzanet-Daniels, J.P., González, Shulman, Pitt-Burke, Chan, JJ. 

Index No. 157330/21|Appeal No. 5768|Case No. 2025-01942|

[*1]Henry Venegas, Plaintiff-Respondent,
vCPC Norfolk Senior Housing Development Fund Corporation, et al., Defendants-Appellants.

Lewis Brisbois Bisgaard & Smith LLP, New York (Thomas A. Noss of counsel), for appellants.
Elefterakis, Elefterakis & Panek, New York (Daniel Lei of counsel), for respondent.

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered on or about February 25, 2025, which, to the extent appealed from, granted plaintiff's motion for summary judgment on liability his Labor Law § 240(1) claim and denied defendants' motion to dismiss plaintiff's Labor Law § 241(6) claim predicated on 12 NYCRR §§ 23-1.7(a) and (a)(2), unanimously affirmed, without costs.
Plaintiff was injured by a metal locking device, known as a "super plate" or "butterfly," when it allegedly fell from overhead and struck plaintiff on his right shoulder and neck as he walked past a 15' to 18' high formwork wall at a construction site. The super plates were screwed onto the ends of tie rods that were used to hold the formwork in place; as the formwork structure was built, the super plates would be applied both before and after wired rebar was installed. At the time of the accident, plaintiff was tying wired rebar for the formwork construction, and super plates were not involved with that part of the work.
Plaintiff established prima facie entitlement to partial summary judgment on his Labor Law § 240(1) claim. The parties do not dispute that there was no overhead protection for the workers who walked beneath the elevated work platform positioned near the top of the formwork structure. Further, the testimony by the superintendent for the general contractor that it was common knowledge that the workers should not walk under the area of the overhead work was rebutted by photographic evidence.
Defendants failed to raise a triable issue as to whether the super plate that struck plaintiff required securing for the purpose of the undertaking. The testimony established that the super plate was a component in the formwork structure being built at an elevated height, and that as the formwork was built higher, the super plate was put into place in alternating sequence with the rebar. Although defendants attempt to suggest that that there were no loose super plates in the vicinity of the formwork under construction when the accident happened, the accident itself, in which plaintiff was hit by a falling super plate, establishes otherwise.
We reject defendants' argument that because plaintiff did not see how the super plate came to fall on him or where it fell from, he failed to establish his entitlement to summary judgment. Plaintiff is not required to show precisely how the super plate fell, because under any theory, the absence of protective devices was the proximate cause of his injury (Torres-Quito v 1711 LLC, 227 AD3d 113, 117 [1st Dept 2024]). Defendants also have not raised a triable issue as to whether the plaintiff's account of the accident is credible (cf. Simpertegui v Carlyle House Inc., 227 AD3d 486 [1st Dept 2024]).
In light of our determination on plaintiff's motion for summary judgment on liability with respect to his Labor Law § 240(1) claim, defendants' arguments concerning plaintiff's section 241(6) claim are academic (see Harsanyi v Extell 4110 LLC, 220 AD3d 528, 529 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 5, 2026